1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,              Criminal Case No. 07CR3029-BTM

11                    Plaintiff,

                                            **FINDINGS OF FACT AND ORDER OF**
12            v.                            **DETENTION**

13   VICTOR CAPERON,

14                    Defendant.

15

16        In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*),

17   this Court conducted a detention hearing on June 18, 2008, to determine whether Victor Caperon

18   ("the defendant") should be held in custody pending trial, on the grounds that he is a flight risk.

19   Assistant U.S. Attorney Rebecca Kanter appeared on behalf of the United States. Attorney Erick

20   Guzman appeared on behalf of the defendant.

21        Based on the evidence proffered by the United States and by the defendant, the Pretrial

22   Services Report, and the Indictment, the Court concludes that the following facts establish by a

23   preponderance of the evidence that no condition or combination of conditions will reasonably

24   assure the appearance of the defendant as required.

25   //

26   //

27   //

28   //

# I.

## FINDINGS OF FACT

**A.    Nature and Circumstances of the Offense Charged (18 U.S.C.§ 3142(g)(1))**

1.    Victor Caperon is charged in the Southern District of California in Criminal with one count of Escape in violation of Title 18, United States Code Sections 751(a) and 4082(a).

2.    The nature of the charged offense is escape, therefore this factor weighs in favor of detention.

**B.    Weight of the Evidence Against the Defendant (18 U.S.C.§ 3142(g)(2))**

While admittedly the least important factor, the Court finds based on the indictment filed in the Southern District of California that probable cause exists that the defendant committed the instant offense and this factor weighs in favor of detention.

**C.    History and Characteristics of the Defendant (18 U.S.C.§ 3142(g)(3))**

1.    There is some adverse information regarding the defendant's character, including the fact that his prior criminal conduct put his wife's family's Section 8 housing in jeopardy. Therefore, this factor weighs in favor of detention;

2.    Although the defendant has a broken ankle, this factor does not necessarily weigh in favor or against the defendant and is regarded as neutral by the Court;

3.    Because the defendant has some family ties in this community, including his wife, child and mother-in-law, this factor weighs in favor of setting bail;

4.    Because the defendant no stable employment to act as an anchor in the community, this factor weighs in favor of detention;

5.    Because the defendant has no financial resources in the community, this factor weighs in favor of detention;

6.    Because the defendant is a United States citizen and resident, this factor weighs in favor of setting bail;

//

1   7.     The defendant's community ties and past conduct are duplicative of other factors

2   considered by the Court, so they are viewed as neutral;

3   8.     Because the defendant's history shows a substance abuse problem, this factor weighs

4   in favor of detention;

5   9.     Because the defendant's criminal history includes three prior misdemeanor

6   convictions and one felony conviction, this factor weighs in favor of detention;

7   10.     The defendant has a prior failure to appear and, at the time of his escape, was on

8   probation from a November 2, 2005 conviction for Driving without a License, therefore this factor

9   weighs in favor of detention.

10                                     **II.**

11                         **REASONS FOR DETENTION**

12   A.     There is probable cause to believe that the defendant committed the offense charged

13   in Criminal Indictment No. 07CR3029-BTM, namely, Escape in violation of 18 U.S.C. §§ 751(a)

14   and 4082(a).

15   B.     The Court finds, by a preponderance of evidence,  the Government has carried the

16   burden of establishing that no condition or combination of conditions will reasonably assure the

17   appearance of the defendant as required.

18                                     **III.**

19                                   **ORDER**

20   IT IS HEREBY ORDERED that the defendant be detained pending further proceedings in

21   this matter.

22   IT IS FURTHER ORDERED that the defendant be committed to the custody of the

23   Attorney General or his designated representative for confinement in a corrections facility separate,

24   to the extent practicable, from persons awaiting or serving sentences or being held in custody

25   pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation

26   with counsel.

27

28                                      3

1    While in custody, upon order of a court of the United States or upon the request of an

2    attorney for the United States, the person in charge of the correctional facility shall deliver the

3    defendant to the United States Marshal for the purpose of an appearance in connection with a court

4    proceeding or any other appearance stipulated to by defense and government counsel.

5    THIS ORDER IS ENTERED WITHOUT PREJUDICE.

6    IT IS SO ORDERED.

7

8

9    DATED: June 20, 2008

The Honorable Ruben B. Brooks

10    United States Magistrate Judge

11    Prepared by:

12

13    Rebecca Kanter
    Assistant U.S. Attorney

14

15

    cc:    Erick Guzman, Esq.

16

17

18

19

20

21

22

23

24

25

26

27

28    4