ERICK L. GUZMAN
California State Bar No. 244391
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California  92101-5008
Telephone No. (619) 234-8467
Email: erick_guzman@fd.org

Attorneys for Mr. Caperon

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE BARRY T. MOSKOWITZ**)

| UNITED STATES OF AMERICA, | ) | Criminal No. 07CR3029-BTM |
|---|---|---|
| Plaintiff, | ) | DATE: July 25, 2008 |
|  | ) | TIME: 1:30 P.M. |
| v. | ) | MEMORANDUM OF POINTS AND |
|  | ) | AUTHORITIES IN SUPPORT OF |
| VICTOR MANUEL CAPERON, | ) | DEFENDANT'S MOTIONS |
| Defendant. | ) |  |

**I.**

**STATEMENT OF FACTS**[1]

On March 23, 2007, Mr. Caperon was sentenced to twelve months custody from Judge Sabraw in Case No. 06CR2686-DMS.  He had a then anticipated release date of November 23, 2007.  According to the government, he was transferred to a re-entry center on October 19, 2007, and signed out of that facility on October 20, 2007.  On November 7, 2007, the government indicted Mr. Caperon with violating United States Code, sections 751 & 4082.  On June 10, 2008, he was arrested at the San Ysidro Port of Entry.  On that date, he was arraigned on the indictment and pled not guilty.

These motions follows.

---

[1] These "facts" are based on discovery provided by the government.  Mr. Caperon does not concede the veracity of any of these allegations.

## II.

## **COMPEL ALL DISCOVERABLE MATERIAL**

Mr. Caperon requests all discoverable material pursuant to Federal Rule of Criminal Procedure 16, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972). This includes material that may support any defense pre-trial motions. See United States v. Cedano-Arellano, 332 F.3d 568 (9th Cir. 2003) (Rule 16 applies to discovery material to defense pre-trial motions); United States v. Gamez-Orduno, 235 F.3d 453, 462 (9th Cir. 2000) (Brady applies to material supporting defense pre-trial motions). Mr. Caperon also requests any evidence that the government may potentially attempt to enter vis-a-vis rule Federal Rule of Evidence 404(b).

Mr. Caperon requests all arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Caperon and available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I). Mr. Caperon specifically requests that all surveillance tapes or any other audio or visual tape recordings which exist and which relate in any way to his case and or his arrest be preserved and provided in their entirety. Specifically, it is Mr. Caperon's understanding that the facility where Mr. Caperon was supposed to reside has surveillance cameras. Accordingly, he requests any footage captured during the period of

Specifically, Mr. Caperon requests a copy of the reports or records of the phone calls made by the facility employees to "local hospitals, detention centers, and known emergency contacts." See Gov't. Statement of Facts at 1 (attached as Exhibit A). Further, Mr. Caperon requests a copy of the "day pass" he was given, unless that is one of the documents contained the discovery already provided, in which case, Mr. Caperon would just request the government to specify which page of discovery that is.

## III.

## **LEAVE TO FILE FURTHER MOTIONS**

Mr. Caperon respectfully requests the court leave to file further motions if necessary.

//

//

//

**IV.**

**CONCLUSION**

Mr. Caperon requests that the Court to grant the above motions.

Respectfully submitted,

Dated: July 18, 2008

*/s/ Erick L. Guzman*
ERICK L. GUZMAN
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Caperon